```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

                                          Civil Action
                                          No. 11-11576-WGY


* * * * * * * * * * * * * * * *
SECURITIES AND EXCHANGE        *
COMMISSION,                    *
                               *
          Plaintiff,           *
                               *
v.                             * MOTION HEARING
                               *
JEFFREY LISKOV and EAGLEEYE    *
ASSET MANAGEMENT, LLC,         *
                               *
          Defendants.          *
* * * * * * * * * * * * * * * *



              BEFORE:  The Honorable William G. Young,
                       District Judge



APPEARANCES:

          SECURITIES & EXCHANGE COMMISSION (By Deena
    R. Bernstein, Senior Trial Counsel and Naomi J.
    Sevilla, Senior Enforcement Counsel), 33 Arch
    Street, 23rd Floor, Boston, Massachusetts 02110,
    on behalf of the Plaintiff

          DUANE MORRIS LLP (By Albert P. Zabin,
    Esq.), 100 High Street, Suite 2400, Boston,
    Massachusetts 02210, on behalf of the Defendants



                                          1 Courthouse Way
                                          Boston, Massachusetts

                                          September 19, 2012
```

```
 1              THE CLERK:  Now hearing Civil Matter 11-11576,
 2    Securities & Exchange Commission v. EagleEye Assets.
 3              MS. BERNSTEIN:  Deena Bernstein and Naomi Sevilla
 4    for the SEC.
 5              MR. ZABIN:  Albert Zabin for the defendants.
 6              THE COURT:  This is the SEC's motion and I should
 7    call on them first.
 8          How can you possibly get summary judgment here in a
 9    case on which you bear the burden of proof?
10              MS. BERNSTEIN:  Because we believe that no
11    reasonable jury -- because the standard is Anderson, the
12    Anderson and Matsushita --
13              THE COURT:  Oh, isn't the more applicable case
14    Reeves v. Sanderson Plumbing?  And in Reeves the Supreme
15    Court has said that I should disregard any fact that the
16    jury was entitled to disregard.  So, unless they've made
17    admissions, unless your whole case is based upon their
18    admissions there's no way you can get summary judgment.
19    This may well be a winning case but not on summary judgment.
20              MS. BERNSTEIN:  Your Honor, you're absolutely
21    right.  So I decided to go back and look at our Local Rules
22    Statement and their opposition.  Of 272 paragraphs in our
23    Local Rules Statement, 200 of them are from admissions of
24    the, of the defendants.  His answer, responses to requests
25    to admit, and his own deposition.  We don't rely on victims,
```

1    contrary to their opposition brief, we don't rely on victims
2    for any element at all.  We rely on documentary evidence and
3    we rely on their own admissions.
4         By the way, also of 272 paragraphs, 200 of them are
5    not controverted.  And the ones that are usually
6    controverted are ones where we just brought a victim in for
7    added evidence to prove materiality.  But we would argue as
8    a matter of law based on the admissions and documents and
9    uncontroverted paragraphs of the Local Rules Statement that
10   we're entitled to summary judgment.
11        **THE COURT:**  Well, on one of your claims here, and
12   maybe more than one -- which of these claims require
13   scienter?
14        **MS. BERNSTEIN:**  Scienter's required for 206(1) and
15   the 10(b) claim.  It is not required for 206(2) where we
16   would argue his own affidavit admitted that he wasn't wise,
17   he should have acted better.  So he basically all conceded
18   negligence, which would be the 206 standard.  And we also
19   have reporting requirements that require no scienter at all.
20        **THE COURT:**  Well, I recognize you have reporting
21   requirements that require no scienter.  But as to those that
22   require scienter he's entitled to a trial on that, isn't he?
23        **MS. BERNSTEIN:**  Well, I would say that what he's
24   admitted to doing is enough that no reasonable juror could
25   come to a conclusion other than --

```
 1              THE COURT:  But you see that's contrary to Reeves.
 2   That's why we have jury trials.  This idea that somehow
 3   judges are going to determine things that for as long as we
 4   have had a Republic that juries decide does not commend
 5   itself to me.  No reasonable jury, where you bear the burden
 6   of proof?  Maybe they don't particularly like your
 7   witnesses.  They may not be --
 8              MS. BERNSTEIN:  Well, we would be relying on --
 9              THE COURT:  -- persuaded by those witnesses.
10              MS. BERNSTEIN:  But we would be primarily
11   relying -- we would win on scienter without bringing a
12   single victim.  We could, I mean literally, we could take
13   his own -- he admitted to whiting out documents and
14   submitting them to Fidelity.
15              THE COURT:  Right.
16              MS. BERNSTEIN:  And he's a fiduciary.  He had a
17   duty to disclose all that.
18              THE COURT:  All right.
19              MS. BERNSTEIN:  He admitted that he didn't.  He
20   also admitted that even after the fact he didn't provide
21   those documents to clients.  He's admitted to the failure to
22   disclose on each and every, on almost everything we have
23   discussed in our brief.  Those are his admissions.  I would
24   think the case would try better with the victims.  If I were
25   to try it, yes, we would bring the victims.  But I could try
```

1    this case literally without a single victim, with just the
2    documentary evidence, which are documents that actually
3    exist, his own admissions, his own deposition.
4            **THE COURT:**  I'm not telling you how to try the
5    case.  You say you want to walk out of here this afternoon
6    having won the case.  That's what I'm having some problem
7    with.  And I would like to hear Mr. Zabin.
8            On scienter I have real problems.  But there are
9    reporting requirements here.  It doesn't look like your
10   fellow has reported in accordance with those requirements,
11   and it looks like that's clear beyond per adventure.
12           **MR. ZABIN:**  Your Honor, what's clear is that he did
13   not comply with the recording requirements that he had, that
14   he had to follow.  The only -- and those are quite detailed,
15   and I doubt very much if anybody follows them all.
16           I think, I think the problem that the Commission
17   has is they do not allege that any of the required
18   information that he's supposed to have was lacking.  It's a
19   question of he didn't, he didn't put them in the, in the
20   form that's required.  And for good reason.  We don't
21   contend that his failure to, to do that was not sloppy.  But
22   all that the Commission has to say is that they're not
23   confident that he revealed all the customers he had.  Well,
24   their lack of confidence is not a statement of fact on which
25   it is entitled to summary judgment.

1          So, I think, you know, I think that's a minor part
2     of the case.  If that's all there is left to this, to this
3     case, what are we fighting about?  I mean --
4          **THE COURT:**  Well, they bring you in here and I come
5     on the bench, but they've moved for summary judgment.
6          **MR. ZABIN:**  Yes.
7          **THE COURT:**  Are you saying summary judgment is
8     appropriate for them on Section 204 of the Investment
9     Advisers Act?
10         **MR. ZABIN:**  What I'm saying is that it is not
11    because they don't allege that he didn't have the
12    information, they allege only essentially that it's not in
13    the form that it's required.
14         **THE COURT:**  And your point is legally he's got to
15    have it, not that he's got to report it.
16         **MR. ZABIN:**  That's correct.  You know, that's --
17         **THE COURT:**  I'm not sure that's the law.
18         **MR. ZABIN:**  That is not the strongest part of our
19    case.  And, you know, and that's, you know, admittedly it's
20    a close case.  But I think, at least as I have read it, read
21    them, and to the extent I understand it, and I will not
22    pretend to have an expertise on interpreting those
23    regulations, the important thing is, particularly when it
24    comes to issues of sanctions, that the, that the investment
25    adviser is required to keep certain information to be sure

| | |
|---|---|
| 1 | in a form that's, that's convenient for the regulatory |
| 2 | agencies.  But there's no allegation that he didn't keep the |
| 3 | required information.  That's, I mean, that's our point. |
| 4 | And I think that should be enough to withstand summary |
| 5 | judgment. |
| 6 | **THE COURT:**  I understand your point. |
| 7 | His point is that in terms of your statement of |
| 8 | undisputed facts, you, you recite the investigation and |
| 9 | conclusion of the SEC, you don't state the underlying facts. |
| 10 | He's right on that. |
| 11 | **MS. BERNSTEIN:**  Well, actually in the statement of |
| 12 | undisputed facts the person who was writing those |
| 13 | paragraphs, and if you look at the underlying affidavit, was |
| 14 | the one who went in on the exam.  He was the one that saw |
| 15 | that documents were missing, that they weren't in the right |
| 16 | way.  And that is the way the affidavit is written. |
| 17 | But I also want to go back to 206(2) which does not |
| 18 | require scienter.  It is a negligence based.  It is not a |
| 19 | scienter based.  And it does not require scienter and it |
| 20 | would provide us with exactly the same relief as getting |
| 21 | 206(1) and 10(b). |
| 22 | **THE COURT:**  But negligence is a question for the |
| 23 | jury. |
| 24 | **MS. BERNSTEIN:**  But he's admitted to negligence. |
| 25 | He's admitted to and in paragraphs -- |

| | |
|---|---|
| 1 | **THE COURT:** He's admitted that he was sloppy. |
| 2 | **MS. BERNSTEIN:** And unwise. |
| 3 | **THE COURT:** And unwise. |
| 4 | **MS. BERNSTEIN:** And that he took shortcuts. |
| 5 | **THE COURT:** And took shortcuts. |
| 6 | **MS. BERNSTEIN:** And that's his own affidavit. |
| 7 | **THE COURT:** Yes. |
| 8 | **MS. BERNSTEIN:** Plus the entire totality of his |
| 9 | deposition, plus the totality of admitting that he altered |
| 10 | countless documents to Fidelity and to a commodities |
| 11 | brokerage. Countless documents. |
| 12 | **THE COURT:** You know, I recognize the strength of |
| 13 | your case. I just don't see that where you bear the burden |
| 14 | of proof I can grant summary judgment. Summary judgment's |
| 15 | denied. |
| 16 | Now, this case is about ready for trial; isn't that |
| 17 | right? |
| 18 | **MS. BERNSTEIN:** We are on the November 5th |
| 19 | calendar. |
| 20 | **MR. ZABIN:** Yes. |
| 21 | **THE COURT:** We'll call you for a final pretrial |
| 22 | conference. |
| 23 | Mr. Zabin, the case is an extraordinarily strong |
| 24 | case. They had a case very much like this before another |
| 25 | judge, and I don't criticize any other judge. They won |

1  summary judgment.  Don't think this is like out of the blue.
2  I'm very reticent about summary judgment.  So, I imagine you
3  people will be talking.
4          All right.  It's denied.
5          **MR. ZABIN:**  Thank you, your Honor.
6          **THE COURT:**  It stands for trial.
7          (Whereupon the matter concluded.)

    **C E R T I F I C A T E**

12         I, Donald E. Womack, Official Court Reporter for
13  the United States District Court for the District of
14  Massachusetts, do hereby certify that the foregoing pages
15  are a true and accurate transcription of my shorthand notes
16  taken in the aforementioned matter to the best of my skill
17  and ability.

              /S/ DONALD E. WOMACK 10-3-2012
              _____
                    DONALD E. WOMACK
                  Official Court Reporter
                     P.O. Box 51062
              Boston, Massachusetts 02205-1062
                   womack@megatran.com